UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELBERT DOUGLAS,<br><br>                           Plaintiff,<br>    v.<br>ARNOLD WEINSTOCK, *et al.*,<br>                         Defendants. | Case No. 3:20-cv-00393-MMD-CLB<br><br>ORDER |

    *Pro se* Plaintiff Delbert Douglas brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 4), recommending the case be dismissed for failure to comply with the Court's order. Plaintiff had until December 28, 2020, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss the case without prejudice.

    The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin recommends the Court dismiss Plaintiff's case because he failed to file an application to proceed *in forma pauperis* or pay the filing fee by December 7, 2020. (ECF No. 4 at 1.) The Court had previously ordered that Plaintiff either file an IFP application or pay the filing fee, and Plaintiff was cautioned that if he failed to do so, his case would be dismissed. (ECF No. 3.) Judge Baldwin considered whether dismissal was warranted by applying the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." (ECF No. 4 at 2 (citing *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).) Finding that the first three factors outweighed the public policy favoring disposition of cases on their merits, Judge Baldwin reasoned that dismissal was warranted. (*Id.*) Further, Judge Baldwin noted that "a court's warning that his failure to obey the court's order will result in dismissal satisfies the 'consideration of alternatives' requirement." (*Id.* (citing *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424).) The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

///
///
///
///
///
///

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 4) is accepted and adopted in full.

It is further ordered that the case is dismissed without prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 6th Day of January 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE